**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003796
29-JAN-2014
08:15 AM**

NO. CAAP-13-0003796

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JASON HESTER, as individual and as Successor Overseer,
The Office of the Overseer and His Successor, Over/For The
Popular Assembly of Revitalize, a Gospel of Believers,
Plaintiff/Counterclaim-Defendant/Appellee
v.
LEONARD GEORGE HOROWITZ,
Defendant/Counterclaim-Plaintiff/Appellant
and
JACQUELINE LINDENBACH HOROWITZ, and THE ROYAL BLOODLINE OF DAVID,
Defendants/Counterclaim-Plaintiffs/Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE
ENTITIES and DOE GOVERNMENTAL UNITS 1-10, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 05-1-196K)

ORDER GRANTING MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

Upon review of (1) Plaintiff/Counterclaim-Defendant/
Appellee Jason Hester, as Successor Overseer the Office Overseer,
a Corporate Sole and Its Successor Over and for the Popular
Assembly of Revitalize, a Gospel of Believers' (Appellee Hester),
January 22, 2014 motion to dismiss appellate court case number
CAAP-13-0003796 for lack of appellate jurisdiction, and (2) the
record, it appears that we lack appellate jurisdiction over the
appeal that Defendant/Counterclaim-Plaintiff/Appellant Leonard
George Horowitz (Appellant Leonard Horowitz) has asserted from
the Honorable Ronald Ibarra's September 12, 2013 third amended

judgment because the September 12, 2013 third amended judgment does not satisfy the requirements for an appealable judgment under Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (emphases added).

In the instant case, the September 12, 2013 third amended judgment

- neither resolves all claims against all parties,
- nor contains the finding necessary for certification under HRCP Rule 54(b).

Instead, the September 12, 2013 third amended judgment expressly

enters judgment in favor of Appellee Hester and against Appellant Leonard Horowitz and Defendants/Counterclaim-Plaintiffs/Appellees Jacqueline Lindenbach Horowitz (Appellee Jacqueline Horowitz) and the Royal Bloodlines of David (Appellee Royal Bloodlines of David) as to Appellant Leonard Horowitz, Appellee Jacqueline Horowitz, and Appellee Royal Bloodlines of David's counterclaim for fraud and misrepresentation, but, then, instead of also expressly resolving all other claims against all parties in this case, the September 12, 2013 third amended judgment merely attempts to incorporate by reference the prior December 11, 2009 second amended judgment without expressly including any of the adjudications from the December 11, 2009 second amended judgment on the face of the September 12, 2013 third amended judgment. Incorporation by reference is not sufficient under the holding in Jenkins, which expressly requires that a judgment must be a single, separate document that, "on its face, either resolve[s] all claims against all parties or contain[s] the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added). As the Supreme Court of Hawai'i explained when it imposed these requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58,

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. The September 12, 2013 third amended judgment fails to satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins, because the September 12, 2013 third amended judgment does not, on its face, expressly resolve all claims against all parties. Absent an appealable final judgment, Appellant Leonard Horowitz's appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-13-0003796. Therefore,

IT IS HEREBY ORDERED that Appellee Hester's January 22,

2014 motion to dismiss appellate court case number CAAP-13-0003796 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-13-0003796 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 29, 2014.

Paul J. Sulla, Jr.
on the motion.

Presiding Judge

Associate Judge

Associate Judge